## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**DONTA JERMAINE WEST**                                                      **PLAINTIFF**

**v.**                                                                                          **No. 1:25CV11-DAS**

**SHERIFF EDDIE HAWKINS, ET AL.**                                   **DEFENDANTS**

### ORDER *DENYING* PLAINTIFF'S MOTION [57]
### TO HOLD DEFENDANTS IN CONTEMPT FOR
### "FALSIFYING INFORMATION AS 'EVIDENCE'"

This matter comes before the court on the plaintiff's motion [57] for "contempt," arguing that the court should hold the defendants in contempt "due to statements falsifying information as "evidence." Doc. 57. He states that he has presented "probative evidence to prove a contested fact." *Id.* He argues that certain statements in police reports were not truthful and have been used against him to detain him. *Id*. However, it is commonplace for statements of police and contentions of defendants to differ, and such disputes are settled by the factfinder in the ordinary course of proceedings.

The Founders established in our Constitution that an accused has the right to a trial by jury in a criminal case. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, *by an impartial jury* of the State and district wherein the crime shall have been committed...." U.S. Const. amend. VI. (emphasis added). The requirement of jury trial in a criminal case is applicable to the states through the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 156 (1968). It is the province of the jury to determine the facts in a criminal case – and apply to those facts to the law given by the court through jury instructions. Indeed, "[j]uries are typically called upon to render unanimous verdicts on the ultimate issues of a given case." *McKoy v. North Carolina*, 494 U.S. 433, 449, 110 S. Ct. 1227, 1236, 108 L. Ed. 2d 369 (U.S. 1990) (plurality opinion) (Blackmum,

J., concurring). That is what has transpired in the present case, and the plaintiff's request for an order

holding the defendants in contempt of court is **DENIED**.

      **SO ORDERED**, this, the 28th day of May, 2026.

/s/   David A. Sanders
UNITED STATES MAGISTRATE JUDGE