**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DONTA JERMAINE WEST**                                                                  **PLAINTIFF**

**v.**                                                                                        **No. 1:25CV11-DAS**

**SHERIFF EDDIE HAWKINS, ET AL.**                                                **DEFENDANTS**

**ORDER *DENYING* PLAINTIFF'S MOTION [54]
FOR RELIEF FROM JUDGMENT**

This matter comes before the court on the plaintiff's motion for reconsideration of the court's July 28, 2025, memorandum opinion and final judgment dismissing all but one claim and two defendants. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion for relief from a judgment or order under FED. R. CIV. P. 60. An order granting relief under Rule 60 must be based upon: (1) clerical mistakes, (2) mistake, inadvertence, surprise, or excusable neglect, (3) newly discovered evidence, (4) fraud or other misconduct of an adverse party, (5) a void judgment, or (6) any other reason justifying relief from the operation of the order.

The plaintiff argues that a fact the court found in the present case (that he was held without bond on a November 29, 2024 criminal charge) differs from a fact found in another of his cases in this court, *West v. Hawkins*, 1:25CV96-GHD-DAS (N.D. Miss.) (Memorandum Opinion of January 5, 2026). In the other case, the court found that "[West] was released on bond when he was arrested for the November 2024 crime of possession with intent in Cause No. 1:25-cr-00173." *Id*. These statements are not at odds because West was arrested *twice* in November 2024 on drug charges: once on November 21, and again on November 29. Doc. 33 at 1-2. He was released on bond on the November 21 charge, but, due to violation of the terms of

that bond (via his November 29 arrest), he was then held without bond. *Id*. at 2. Put simply, he was given bond on the first charge and held without bond after the second. In any event, West has not explained why this alleged difference in facts would affect the court's resolution of his claims. For these reasons, his argument is without substantive merit.

The plaintiff has neither asserted nor proven any of the specific justifications for relief from an order permitted under Rule 60. In addition, the plaintiff has not presented "any other reason justifying relief from the operation" of the judgment. As such, his request [54] for reconsideration is **DENIED.**

**SO ORDERED**, this, the 28th day of May, 2026.

/s/   David A. Sanders
UNITED STATES MAGISTRATE JUDGE