**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

| | |
|---|---|
| **DONTA JERMAINE WEST** | **PLAINTIFF** |
| **v.** | **No. 1:25CV11-DAS** |
| **SHERIFF EDDIE HAWKINS, ET AL.** | **DEFENDANTS** |

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Donta Jermaine West, who challenges the conditions of his confinement under 42 U.S.C. § 1983. That statute provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act (PLRA), the court notes that the plaintiff was incarcerated when he filed this suit.[1]

The plaintiff alleges in his remaining claim that the defendants unlawfully placed him in pretrial detention without a preliminary hearing and without bond after his arrest on three charges: (1) July 23, 2023, possession of narcotics; (2) November 21, 2024, possession of a controlled substance; and (3) November 29, 2024, possession of a controlled substance with intent to distribute. Doc. 33, p. 1.

The defendants have filed a motion [79] for summary judgment, arguing that West did not exhaust his administrative remedies prior to filing the instant suit as required under the PLRA. West has not responded to the motion, and the time to do so has expired. The matter is ripe for resolution.

---

[1] *See* 42 U.S.C. § 1997e(a); *see also Williams v. Henagan,* 595 F.3d 610 (5th Cir. 2010) (PLRA applies when inmate is incarcerated at the time he files suit, even if he was released during pendency of suit).

For the reasons set forth below, the motion [79] by the defendants for summary judgment will be granted, and the instant case will be dismissed without prejudice for failure to exhaust administrative remedies.

**Factual Allegations**[2]

West brings a Fourteenth Amendment claim for unlawful detention against Sheriff Eddie Hawkins (in his official capacity). He alleges that he was placed in indefinite pretrial detention without a preliminary hearing after his arrest on the three charges listed above. Doc. 33 at 1.

At the time of West's pre-trial detention in Lowndes County, the detention center had an administrative remedies program (ARP), in which inmates were required to submit an inmate request form containing the time, date, and actual occurrence. *See* **Ex. A**. to *Mot. Summ. J., Inmate Handbook*: *Grievances.*[3] Those submissions were made electronically via the detention center's kiosk. *See* **Ex. B** to *Mot. Summ. J., West's Grievances*. The assigned correctional officer reviews and likewise responds to the inmate's grievance electronically. **Ex. A**, *Inmate Handbook.* Any inmate not satisfied with the response to his grievance could appeal it up the chain of command to the jail administrator, where the appellate process ends. *Id.*

Before filing the present suit on January 23, 2025, West submitted a grievance on December 4, 2024, requesting a preliminary hearing. **Ex. B,** *Grievances*, p. 43. He received no formal written response – but never appealed the grievance and pursued it to conclusion. *Id.* West submitted another grievance on December 16, 2024, regarding denial of bond by the justice court and requesting a

---

[2] The court has drawn the facts and procedural posture from the defendant's brief in support of the instant motion for summary judgment, as they are both well-documented and uncontested.

[3] The exhibits referenced in this memorandum opinion may be found attached to the defendant's Motion for Summary Judgment.

preliminary hearing. *Id.* at pp. 41-42. Lowndes County Correctional Officer Brandi Kain replied, informing West that he was denied bond because he had already been out on a felony bond for another charge when he was arrested on the new charge. *Id.* at 41. West did not submit a timely appeal. *Id.*

He submitted the remainder of his grievances regarding the need for a preliminary hearing (among other issues not relevant here) *after* he filed the instant suit on January 23, 2025. *See generally,* **Ex. B***, Grievances.*

**Summary Judgment Standard**

The defendant seeks summary judgment in this case, arguing that the plaintiff did not exhaust administrative remedies before filing suit. Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry

of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992).

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Exhaustion of Administrative Remedies**

The PLRA requires prisoners to exhaust any available administrative remedies before filing suit under 42 U.S.C. §1983. Congress meant for the exhaustion requirement to be a tool to help weed out the frivolous claims from the colorable ones. *Jones v. Bock*, 549 U.S. 199, 203 (2007). The requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S.81, 89 (2006). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "*proper* exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) (emphasis added); *see also Johnson v. Ford*,

261 F. App'x 752, 755 (5th Cir. 2008)( the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement)(*citing Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan.11, 2008)( under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). Indeed, "a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process." *Booth v. Churner*, 532 U.S. 731, 739 (2001).

The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). As "exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. A prisoner should face a significant consequence for deviating from the prison grievance procedural rules:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievance complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford* at 95.

**West Failed to Pursue His Grievances to Conclusion**

In this case, the summary judgment evidence contradicts West's allegation that he exhausted his administrative remedies prior to filing suit. He submitted two grievances (seeking a preliminary hearing and complaining he was denied bail) before filing the instant suit. **Ex. B**, *Grievances* at pp.

41-43. He did not, however, appeal those grievances in accordance with the County's procedures as set forth in the Inmate Handbook. Under the PLRA, West must pursue the grievance process to its conclusion *before* filing suit. *Wright v. Hollingsworth*, 260 F.3d at 358. He did not do so.

The remaining grievances concerning a preliminary hearing were submitted *after* filing this suit (**Ex. B**, *Grievances*), but completing the grievance process after filing suit does not constitute proper exhaustion. *See Coleman v. Lauderdale Cnty.,* 2024 U.S. Dist. LEXIS 58051, at *17 (S.D. Miss. Jan. 3, 2024). ("A prisoner cannot satisfy the exhaustion requirement 'by filing an untimely or otherwise procedurally defective administrative grievance or appeal.' It is not sufficient that he corrected this mistake after the fact…these claims must still be dismissed.")(citing *Woodford*, 548 U.S. at 83-84). Ultimately, West did not exhaust his administrative remedies before seeking relief in federal court under 42 U.S.C. § 1983 as required under the PLRA.

**The Plaintiff's Pending Motions [74], [81], [84], [89], [90] Have Become Moot**

The plaintiff has filed several motions which are currently pending:

- [74] Motion to Vacate [Conviction] for Fraud Upon the Court
- [81] Motion for Dismissal [of Criminal Charges], Reverse Error, or Motion for Relief Granted
- [84] Motion for Copies of Original Complaint Exhibits
- [89] Motion for Evidentiary Sanctions [for Defendants' Failure to Provide Documents]
- [90] Motion for Summary Judgment on the Issue of Liability.

In light of the disposition of this case, these motions [74], [81], [84], [89], [90] will be dismissed as moot.

**Motions Regarding the Substance of This Case Must Be Dismissed**

West's motions to vacate [74], for dismissal of criminal charges [81], and for summary judgment on the issue of liability [90] involve the merits of this case and the disposition of his state

criminal case. As the instant case will be dismissed for procedural reasons (failure to exhaust administrative remedies), issues regarding the merits have become moot. In addition, requests for dismissal of criminal charges sound in *habeas corpus*, which cannot be resolved in a civil rights case proceeding under 42 U.S.C. § 1983. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (§ 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures, and a § 2254 *habeas corpus* petition is the proper vehicle to seek release from custody). Hence, these three motions [74], [81], [90] will be dismissed.

**Motion Regarding Documents Not Involving the Exhaustion Issue**

The plaintiff also seeks [84] copies of the exhibits attached to his complaint to support his arguments regarding the merits of his claims. However, these exhibits do not involve the dispositive issue in this case (exhaustion); as such, the plaintiff's request [84] will be dismissed as moot.

**Motion Seeking Discovery Sent to West That Was Sent Back as Returned Mail to Defendants**

Finally, the plaintiff seeks [89] from the defendants the discovery the court required them to provide in its scheduling order. The defendants mailed the documents to the plaintiff [83]; however, the street address for his prison facility had changed, and the mail was returned to the defendants [88]. The court updated the address, but it is not clear whether the plaintiff later received the documents later. He did not respond to the defendants' motion [79] for summary judgment (which is based upon procedural grounds and supported by documentary evidence). The documents relevant to exhaustion were attached to the defendants' motion [79]; the plaintiff had notice of the motion (Doc. 79, p. 2, Certificate of Service), and he chose not to respond. If he believed additional documents might serve to defeat the summary judgment motion, he could have requested limited discovery during the

summary judgment process. *See* Fed. R. Civ. P. 56(d)(2). He did not. As this case will be dismissed, the instant motion [89] for discovery will be dismissed as moot.

In light of the dismissal of this case, all of West's pending motions [74], [81], [84], [89], [90] will also be dismissed as moot.

**Conclusion**

West did not complete the grievance process as to any of his claims prior to filing the instant suit; as such, he did not exhaust his administrative remedies. Hence, the motion [79] by the defendants for summary judgment will be granted, and this case will be dismissed without prejudice for failure to exhaust administrative remedies. In addition, the plaintiff's pending motions [74], [81], [84], [89], [90] will be dismissed as moot. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 2nd day of October, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE